## Trust Companies' Investments.

*Trust companies—Corporate securities—Legal investments—Participation certificates—Bonds—Mortgage—Article iii, section 22, of Constitution—Act of June 7, 1917.*

1. Under article iii, section 22, of the Constitution and the Act of June 7, 1917, P. L. 447, a trust company or other fiduciary is not authorized to invest trust funds in a bond or bonds of a private corporation through the medium of participation certificates issued by the mortgagee.

2. A bond to be considered a legal investment must be the bond of an individual, and, if it is one of a series, the series of bonds must be issued by an individual.

3. But, even though the bond and mortgage in which participation certificates are issued by a guaranty company are the bond and mortgage of an individual, such participation certificates are not legal investments for trust funds in Pennsylvania.

4. The Act of April 6, 1925, P. L. 152, relating to the division of an investment among different estates held in trust by a trust company, has no bearing on the question of participation certificates issued by a guaranty company.

Department of Justice. Opinion to Hon. Peter G. Cameron, Secretary of Banking.

WAGNER, Dep. Att'y-Gen., April 26, 1927.—I beg to acknowledge receipt of your letter of March 30th, requesting that you be advised whether participation certificates representing an undivided share or interest in a bond and mortgage made and executed by an individual or a corporation to a second corporation, hereafter referred to as the "guaranty company," and assigned and transferred by the guaranty company to a trust company incorporated under the Act of Assembly approved April 29, 1874, as trustee for the holders of such certificates, which certificates are issued by the guaranty company assigning and transferring the bond and mortgage, are legal investments for trust funds in the State of Pennsylvania. A sample participation certificate is enclosed with your letter.

A bond and mortgage are originally made and executed by some individual or corporation to a corporation known as the guaranty company. The guaranty company then issues participation certificates representing shares in said bond and mortgage and guarantees the payment of the principal thereof and the interest thereon. Simultaneously therewith it assigns and transfers

the bond and mortgage to a trust company, which acts as trustee both for the guaranty company and for the holders of the participation certificates.

If the bond and mortgage are made and executed to the guaranty company in the first instance by a corporation (as distinguished from an individual), then it is my opinion that the participation certificates are not legal investments for trust funds in Pennsylvania.

Section 22 of article III of the Constitution of 1874 provides that: "No act of the general assembly shall authorize the investment of trust funds by executors, administrators, guardians or other trustees in the bonds or stock of any private corporation. . . ." Section 41 (a) 1 of the Fiduciaries Act of 1917 (June 7, 1917, P. L. 447), as amended by the Act of June 29, 1923, P. L. 955, reads as follows: "When a fiduciary shall have in his hands any moneys, the principal or capital whereof is to remain for a time in his possession or under his control, and the interest, profits or income whereof are to be paid away or to accumulate, or when the income of real estate shall be more than sufficient for the purpose of the trust, such fiduciary may invest such moneys in the stock or public debt of the United States, or in the public debt of this Commonwealth, or in bonds or certificates of debt now created or hereafter to be created and issued according to law by any of the counties, cities, boroughs, townships, school districts or poor districts of this Commonwealth, or in bonds of one or more individuals secured by mortgage on real estate in this Commonwealth, which may be either a single bond secured by a mortgage or one or more bonds of an issue of bonds secured by mortgage or deed of trust to a trustee for the benefit of all bondholders, or in ground rents in this Commonwealth: Provided, that nothing herein contained shall authorize any fiduciary to make any investment contrary to the directions contained in the will of the decedent in regard to the investment of such moneys."

The above sections of the Constitution and Fiduciaries Act, when read together, can be construed only to mean that a fiduciary is not authorized to invest trust funds in a bond or bonds of a private corporation through the medium of participation certificates issued by the mortgagee.

If, however, the bond and mortgage, in which participation certificates are issued by the guaranty company, are made and executed to the guaranty company by an individual, a different question arises. While the participation certificates are issued by the guaranty company and are the obligations of the guaranty company, they represent shares or interests in the bond and mortgage of an individual. The relevant portion of section 41 (a) 1, quoted above, is, "bonds of one or more individuals secured by mortgage on real estate in this Commonwealth, which may be either a single bond secured by a mortgage or one or more bonds of an issue of bonds secured by mortgage or deed of trust to a trustee for the benefit of all bondholders."

This section contemplates that the bonds which are to constitute legal investments shall be the bonds of individuals. It is true that such bonds may be single bonds or one of a series of bonds, but there is nothing in the section to permit investment in one or more of a series of bonds or obligations issued by a corporation. The bond, to be considered a legal investment, must be the bond of an individual, and if it is one of a series, the series of bonds must be issued by an individual. The section contemplates the ordinary case of the issuance of a series of bonds by a mortgagor, who must be an individual, who transfers the property securing the bonds by mortgage or deed of trust to a trustee who holds for the benefit of all the bondholders, and not the execution of a bond and mortgage by an individual to a corporation, which then issues participation certificates therein.

It is, therefore, my opinion that, even though the bond and mortgage in which participation certificates are issued by a guaranty company are the bond and mortgage of an individual, such participation certificates are not legal investments for trust funds in the State of Pennsylvania.

It is immaterial whether the trust company desiring to invest its trust funds in such participation certificates is the trust company acting as trustee for the holders of the particular participation certificate which it is desired to purchase or a trust company other than the one acting as such trustee.

It is not considered that the Act of April 6, 1925, P. L. 152, has any bearing upon the question involved. That act, requiring trust companies to keep trust funds and investments separate and apart from the general assets of the companies, expressly authorized such companies to assign to various trust estates "participation in a general trust fund of mortgages upon real estate securing bonds." It was intended to cover only the case in which a trust company has one large mortgage in which it is desired that two or more trust estates shall participate, or in which it has a large number of small mortgages in which it is desired that a limited number of trust estates shall participate, all of the mortgages being held in one fund. The act does not require the execution of a mortgage or deed of trust covering the mortgages held in the fund, nor the issuance of any certificates or other evidence of participation in the fund; it does require that the mortgages comprising the fund shall be kept "separate and apart from the general assets" of the trust company and that there shall be kept on the books of the trust company a record clearly showing the mortgages composing the trust fund, the names of the trust estates participating and the amounts of the respective participations.

For a further discussion of this entire subject, reference is made to the opinions of this department to the Secretary of Banking, dated May 10, 1926, 8 D. & C. 202, and Dec. 10, 1926, and to the Second Deputy Secretary of Banking, dated Feb. 8, 1927.           From C. P. Addams, Harrisburg, Pa.